IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHELET ALCENAT,** : | |
| : | |
| Petitioner, : | CIVIL NO. 3:CV-05-2601 |
| : | |
| v. : | (Judge Caputo) |
| : | |
| **FCI SCHUYLKILL,** : | |
| : | |
| Respondent. : | |

# M E M O R A N D U M

## I.   Background.

Petitioner, Michelet Alcenat, an inmate at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") in Minersville, Pennsylvania, commenced this action *pro se* with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. The applicable filing fee has been paid in full.  (*See* Doc. 4).  Named as Respondent is FCI-Schuylkill.

Petitioner claims that on February 3, 2002, he flew into a Puerto Rican Airport and he was detained by the Bureau of Immigration and Customs Enforcement ("ICE") for inspection.  He alleges that while he was detained, ICE confiscated his personal property, and he is seeking return of the property through the instant habeas action.  Specifically, "Alcenat respectfully request[s] that the Court order Immigration and Naturalization Service of Puerto Rico to return his properties to him before his deportation."  (Doc. 1 at 6.)  For the following reasons, the petition will be dismissed without prejudice, allowing Petitioner to pursue his claims under the appropriate statutory provisions.

## II.   Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal

pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides, in pertinent part, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)  *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303 (N.D.Ill. 1997). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  424 F.2d at 141.

A petition for writ of habeas corpus may be brought by a prisoner who seeks to challenge the fact or duration of the prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Georgevich v. Strauss*, 772 F.2d 1078, 1086 (3d Cir. 1985).  Here, Petitioner is not challenging the duration or propriety of his sentence.  Instead, Petitioner is seeking the return of personal property allegedly confiscated pursuant to a detention by ICE.  The favorable resolution of the issue raised in the petition will not result in the Petitioner's release, nor an adjustment in the remainder of time on his sentence.  In *Ali v. Gibson*, 572 F.2d 971 (3d Cir. 1978), the United States Court of Appeals for the Third Circuit stated that an attack on the conditions of confinement is cognizable in a federal habeas action only in extreme cases. *Gibson*, 572 F.2d at 975, n.8 [citing *Willis v. Ciccone*, 506 F.2d 1011, 1014-15 (8th Cir. 1974)].  However, Petitioner does not plead any facts

2

which would establish this as an extreme case.  Additionally, if the Petitioner is allowed to proceed with this habeas action, he would be able to evade the higher filing fee for a civil rights action, and he would potentially circumvent restrictions of the Prison Litigation Reform Act, including the "three strikes" provision of 28 U.S.C. §1915(g). Consequently, this Court is unable to grant the requested relief in the context of a habeas petition.  The remedies sought by the Petitioner, if appropriate, would be granted in the context of a civil rights claim.

In light of the foregoing, the Petition for Writ of Habeas Corpus will be dismissed without prejudice to any right the Petitioner may have to reassert his present claims in a civil rights complaint.  An appropriate Order follows.

      /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

Dated: January 18, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MICHELET ALCENAT,**              :
                                   :
    **Petitioner,**          :       **CIVIL NO. 3:CV-05-2601**
                                   :
  **v.**                           :       **(Judge Caputo)**
                                   :
**FCI SCHUYLKILL,**                :
                                   :
    **Respondent.**          :

## O R D E R

**AND NOW, THIS 18th DAY OF JANUARY, 2006**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc.1) is **DISMISSED** without prejudice to any right petitioner may have to reassert the instant claims in a civil rights action.

2. The Clerk of Court is directed to close this case.

3. The Clerk of Court is directed to provide the Petitioner with a copy of the form used in filing a civil rights action, as well as the form used for filing a habeas corpus action.

                                                    /s/ A. Richard Caputo
                                                  A. RICHARD CAPUTO
                                                  United States District Judge